# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARRETT WILLIAMS,**            : | **CIVIL ACTION NO. 1:09-CV-1587** |
| **Plaintiff**                   : | |
|                                  : | **(Judge Conner)** |
| v.                               : | |
|                                  : | |
| **JEFFREY A. BEARD** and         : | |
| **CATHERINE MCVEY**,             : | |
| **Defendants**                  : | |

## ORDER

AND NOW, this 6th day of January, 2011, upon consideration of the motion for reconsideration (Doc. 31), filed by plaintiff Garrett Williams ("Williams"), wherein Williams seeks reconsideration of the order of court (Doc. 30) dated December 14, 2010 (hereinafter "the December 14 order") adopting the report and recommendation ("R&R") of Magistrate Judge Blewitt,[1] and it further appearing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), that the court possesses inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), and that a party may not invoke a motion for

---

[1] In his R&R (Doc. 24), Magistrate Judge Blewitt recommended, *inter alia*, that Williams's claim for injunctive relief be dismissed as moot. Williams filed objections to other portions of the R&R, but he did not object to the recommended disposition of his injunctive relief claim. In the December 14 order, this court adopted the R&R in its entirety, granted judgment in defendants' favor on all claims, and directed the Clerk of Court to close the above-captioned matter. Williams now "requests that this Court reconsider its Order of December 14, 2010 and issue an order dismissing this matter as moot." (Doc. 31 ¶ 6).

reconsideration as a means to relitigate matters of disagreement with the court, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001); see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002), and the court concluding that the pending motion for reconsideration merely seeks to resolve a point that has already been litigated and resolved, and the court further concluding that Williams has not demonstrated that the December 14 order contains a manifest error of law or fact,[2] it is hereby ORDERED that the motion for reconsideration (Doc. 31) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Williams does not contend that an error occurred. He simply states that, after commencing preparation to appeal the December 14 order, he later came to understand that "a live case or controversy no longer remains." (Doc. 31 ¶¶ 4-5). Thus, he requests that the court reconsider its December 14 order and "issue an order dismissing this matter as moot." (Id. ¶ 6). The undersigned has already adopted the R&R in its entirety—including the recommendation that Williams's claim for injunctive relief be dismissed as moot—and the above-captioned matter has been closed. Thus, there is no basis to grant reconsideration.